UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRIAN VINCENT STRETCH, | ) | 1:10-cv—00302-SMS-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING THE PETITION AS |
| | ) | MOOT (Doc. 1) |
| | ) | |
| v. | ) | ORDER DIRECTING THE CLERK TO |
| | ) | CLOSE THE ACTION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on March 10, 2010 (doc. 3). Pending before the Court is the petition, which was filed on February 22, 2010.

I. <u>Background</u>

Petitioner challenges his detention without arraignment on criminal charges in a case filed in this Court, namely, <u>United States v. Stretch et al.</u>, 1:09-cr-00388-LJO. Petitioner alleges that while in custody in Merced concerning an unrelated case,

1

Petitioner learned of the pending federal criminal case; a hold was placed on him on October 19, 2009, and after his state case was resolved in December 2009, he was not arraigned on the federal charges. Petitioner seeks arraignment on his federal charges and an opportunity to exercise his right to bail. (Pet. 3-4.)

The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981).

The Court notes its docket in United States v. Stretch et al., 1:09-cr-00388-LJO, which reflects that Petitioner entered into a plea agreement filed on September 30, 2010, pursuant to which he pled guilty to count one of the indictment, conspiracy to defraud the government with respect to claims, in violation of 18 U.S.C. § 286; and to count twelve of the indictment, mail fraud, in violation of 18 U.S.C. §§ 1341, 2. (Doc. 43, 3.) The docket further reflects that on December 23, 2010, Petitioner was sentenced to concurrent terms of thirty-three (33) months on the two counts. (Doc. 54.) A judgment of commitment was filed on January 4, 2011. (Doc. 55.)

II. Screening the Complaint

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

### III.   Mootness of the Petition

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be

redressed by a favorable judicial decision.  <u>Id.</u>  A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. <u>Wilson v. Terhune</u>, 319 F.3d 477, 479 (9th Cir. 2003).  A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus.  <u>Burnett v. Lampert</u>, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998)).  Mootness is jurisdictional.  <u>See</u>, <u>Cole v. Oroville Union High School District</u>, 228 F.3d 1092, 1098-99 (9th Cir. 2000).  Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied.  <u>Spencer v. Kemna</u>, 523 U.S. 1, 18 (1998).

    The issue of whether or not a person was entitled to release during trial proceedings is moot once the person has been convicted of a criminal offense and sentenced to prison.  <u>United States v. Halliburton</u>, 870 F.2d 557, 562 (9th Cir. 1989). Likewise, a claim concerning denial of constitutional rights as a result of shackling a defendant during an appearance before a Magistrate Judge is generally moot unless it is shown to be an issue that is capable of repetition yet evading review, such as where the constitutional violation is likely to be repeated but would not last long enough to be reviewed before becoming moot, or where the challenge is to an ongoing government policy. <u>United States v. Howard</u>, 480 F.3d 1005, 1009-10 (9th Cir. 2007). An issue is capable of repetition yet evading review where 1) the duration of the challenged action is too short to be litigated prior to cessation, and 2) there is a reasonable expectation that

the same parties will be subjected to the same offending conduct. Demery v. Arpaio, 378 F.3d 1020, 1026-7 (9th Cir. 2004).

Here, the claim involves pretrial detention, which is by nature temporary and thus too brief to permit the propriety of the detention to be litigated through appeal prior to cessation of the conduct.  See, Gerstein v. Pugh,  420 U.S. 103, 111 n.11 (1975).  However, there is no basis for any expectation that Petitioner will again commit a criminal offense or be subject to the same offending conduct.  There is no evidence of a governmental policy initially to engage in, or to continue to engage in, the delay of which Petitioner complains.  Petitioner's issue is thus not capable of repetition and yet evading review.

Therefore, the Court concludes that Petitioner's claim concerning his detention pending trial on the charges was mooted by Petitioner's conviction and sentence on the charged offenses.

Accordingly, the petition must be dismissed.

IV.   Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED as moot; and

2) The Clerk is DIRECTED to close the case because this order terminates it in its entirety.


IT IS SO ORDERED.

**Dated:   January 13, 2011**               /s/ Sandra M. Snyder
                                     UNITED STATES MAGISTRATE JUDGE